### In re HASKELL.

(Supreme Court, Appellate Division, Second Department. May 1, 1912.)

ATTORNEY AND CLIENT (§ 38*)—DISBARMENT—MISCONDUCT—EVIDENCE.

　　Where the only charge of misconduct against an attorney of prior unblemished reputation consisted in his swearing to an affidavit in connection with an application for costs in a lunacy proceeding payable out of the estate that the petitioner in the disbarment proceedings appeared before the Supreme Court on behalf of the alleged incompetent on May 8, 1911, when, in fact, he did not appear until May 15th, and it was shown that the proceedings brought on for hearing on May 8th were adjourned until May 22d, and that subsequently the adjourned date was altered to May 15th, when the hearing was had, and respondent asserted that the affidavit was correct as positively as the petitioner denied it, the proceedings were unjustifiable.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 51, 61; Dec. Dig. § 38.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application to disbar or otherwise punish Robert H. Haskell, an attorney and counselor at law. Dismissed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

William H. Hale, of Brooklyn, for petitioner.
Robert H. Haskell, of Brooklyn, in pro. per.

BURR, J. This is an application by a citizen who is a member of the bar in this state to "disbar or otherwise suitably punish" respondent, who is also an attorney and counselor of this court.

In May, 1911, proceedings were instituted in the Supreme Court for the appointment of a committee of the person and property of Jennie Perkins Williams by Frederick W. Sanford, one of her next of kin. In the preceding month Miss Williams had been committed to the Long Island State Hospital by one of the county judges of Kings county. In the proceedings in the Supreme Court the respondent appeared for the petitioner therein. Miss Williams was represented by the attorney who has instituted these proceedings. The finding of the jury that she was incompetent was duly confirmed by the court, and the Franklin Trust Company was appointed committee of her property. Various motions were made by the petitioner in these proceedings in behalf of Miss Williams, and more than one appeal from orders made by the Special Term were brought before this court. In each instance the petitioner was unsuccessful. Personal animosity arising out of the controversy seems to have culminated in the institution of these proceedings.

The charges made against the respondent are without foundation, and the proceeding is unwarranted. The only accusation entitled to the slightest consideration is to the effect that respondent had been guilty of perjury in that in an affidavit submitted to the Special Term by him in connection with an application for costs in the incompetency proceedings, payable out of her estate, he had falsely stated that the petitioner in these proceedings appeared before the Supreme Court in behalf of the alleged incompetent on the 8th day of May, 1911, when, in fact, he did not so appear until the 15th of May. The proceedings were first brought on for hearing on the 8th of May, were then adjourned until the 22d of May, and subsequently the adjourned day was altered to the 15th of May, when the hearing was had. It may be that respondent is mistaken as to the date when the petitioner herein first appeared in behalf of Miss Williams, although he asserts as positively as the petitioner denies. The exact date of such appearance, however, is of little consequence, for upon the 8th day of May nothing was done except to adjourn the proceedings to a later date.

Presenting to the Supreme Court a charge of unprofessional conduct upon the part of an attorney of hitherto unblemished reputation is not a trifling matter. It should not be lightly made. In this instance there seems to be no excuse for it, and we can discern no other

motive for so doing than anger upon the part of the petitioner arising out of defeat.

This application should be denied and the proceedings dismissed, with costs to be paid by the petitioner herein. All concur.